THE ALASKA.[1]

WRIGHT *v.* THE ALASKA.

THE MORRISANIA.

BROOKLYN & NEW YORK FERRY CO. *v.* THE MORRISANIA.

(*District Court, E. D. New York.* December 31, 1887.)

COLLISION—SUDDEN SHEER.
As the steam-boat M. was going up the East river, near the New York shore, behind the steam-boat S., she suddenly sheered to starboard in an attempt to pass the S., and thereby collided with the steam-boat A., which was coming down the river on a course outside the S. The A., following the sheer, starboarded in an attempt to let the M. break her sheer and recover her course, which the latter attempted, but ineffectually. *Held,* that such a sheer, under such circumstances, was a fault, causing the collision: that the starboarding of the A. was not a fault, and that the M. was solely liable for the collision.

In Admiralty. Libel for damages.

1 Reported by Edward G. Benedict, Esq., of the New York bar.
Affirmed. See 35 Fed. Rep. 555.

Two suits to recover damages sustained in consequence of a collision, brought by Moses G. Wright *et al.* against the steam-ship Alaska, and by the Brooklyn & New York Ferry Company against the steam-boat Morrisania. The first cause was brought in the Southern, and the second cause in the Eastern, district of New York.

*Wilcox, Adams & Macklin,* for the Alaska.

*McMahon & Handley,* for the Morrisania.

BENEDICT, J. The issue in these cases is a simple one. It is this: Did the Morrisania, as she came up to the stern of the Superior, also bound up the East river ahead of her, sheer over towards the Brooklyn shore, under a port helm, and thereby bring herself in the way of the Alaska, then coming down the river, outside the course of the Superior, or did the Morrisania hold her course, and the Alaska bear down upon her while on that course and run into her under the stern of the Superior?

Upon this issue, the clear weight of evidence is with the Alaska. The sheer charged on the Morrisania is proved by convincing evidence. I entertain no doubt that the Morrisania, when she saw that she could not pass inside of the Superior, owing to the vessels there, determined to pass the Superior on the outside, and to do this sheered sharply under a port helm, whereby she was brought directly in the way of the Alaska, coming down outside of the Superior. Such a sheer, under such circumstances, was a fault, and the fault that caused the collision. I find no fault in the navigation of the Alaska. She was going down the river, where she had the right to go. When the Morrisania sheered out, the Alaska was on a course that would have carried her down outside of the Morrisania at a safe distance. The Morrisania's sheer was seen as soon as it was begun, and the Alaska at once starboarded. By so doing she gave the Morrisania all the chance possible to break her sheer, and pass on the New York side of her. This was attempted by the Morrisania, but there was not sufficient time, and a severe collision ensued. It is said that if the pilot of the Alaska had possessed enough presence of mind to port his helm an instant before the collision, he would have swung the Alaska's stern enough to have enabled the Morrisania to pass without touching. Perhaps so; but the failure to adopt a measure of that character at the last moment, in the hope of avoiding a danger brought upon him by the previous fault of the Morrisania, was no fault. The sole cause of the collision was the previous fault on the part of the Morrisania in suddenly sheering out from under the stern of the Superior, and across the course of the Alaska.

In the case first above mentioned, there must, therefore, be a decree dismissing the libel with costs; and in the second case above mentioned there must be a decree in favor of the libelant, with an order of reference to ascertain the damages.